# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CECILIA LINDSTROM, | ) |
| Plaintiff, | ) Case No. 17-cv-7719 |
| v. | ) Judge Sharon Johnson Coleman |
| CITY OF EVANSTON, | ) |
| Defendant. | ) |

## ORDER

The City of Evanston's partial motion to dismiss [11] is granted. Lindstrom's IHRA claims are dismissed as untimely.

## STATEMENT

Cecilia Lindstrom, the plaintiff, brings this action against her former employer, the City of Evanston, alleging that Evanston discriminated against her based on a disability, failed to accommodate her disability, and retaliated against her in violation of the Americans with Disabilities Act and the Illinois Human Rights Act (IHRA). Evanston filed a partial motion to dismiss, asserting in part that this Court lacks jurisdiction over Lindstrom's IHRA claims because those claims were not timely filed. All claims under the IHRA must be instituted by filing a charge of discrimination with the EEOC or the Illinois Department of Human Rights (IDHR) within 180 days of the alleged violation. 775 ILCS 5/7A-102. A discrimination claim under the IHRA accrues on the date on which the plaintiff discovers that she has been injured. *Farr v. Cont'l White Cap, Inc.*, 774 F. Supp. 522, 523 (N.D. Ill. 1991) (Bua, J.). Thus, the period "runs from the date the claimant first received notice of the allegedly discriminatory conduct, as opposed to the time at which the harm caused by the alleged misconduct was most acutely felt." *Constant v. Turris Coal Co.*, 556 N.E.2d 823, 829, 199 Ill.App.3d 214 (1990).

When a plaintiff is challenging her termination, her claim accrues when she learns of the decision to terminate her and not when the termination becomes effective. *Bd. of Governors of State Colls. and Univs. for Ne. Ill. Univ. v. Rothbardt*, 424 N.E.2d 742, 746–47, 98 Ill.App.3d 423 (1981); *see also Delaware State Coll. v. Ricks*, 449 U.S. 250, 257, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) ("Mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination."). This is the case even when the employee is taking actions—such as engaging in a grievance process—that might later cause the reversal or modification of the termination decision. *Id.*

Here, on October 12, 2016, Evanston informed Lindstrom that it would not accommodate her disability and, if she did not apply for and obtain a new job with Evanston, that it would terminate her employment as Facilities Supervisor on December 31, 2016. The city's offer to allow Lindstrom to apply for another job, which there was no guaranty that she would get, did not alter the fact that she would be terminated from her present job on December 31, 2016. Accordingly, the accrual date for Lindstrom's claims was October 12, 2016, the date on which she learned that she would be fired. Lindstrom's charge of discrimination was not filed until June 27, 2017, well in excess of the 180-day limitations period. Compliance with the statutory time limit is a condition precedent to the right to seek a remedy under the IHRA. *De v. City of Chicago*, 912 F. Supp. 2d 709, 732 (N.D. Ill. 2012) (Castillo, J.). Accordingly, Lindstrom's IHRA claims must be dismissed as untimely.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: 2/22/2018